## Samuel H. Tinsman, Appellee, v. Independent Harvester Company, Appellant.

### Gen. No. 6,390. (Not to be reported in full.)

Appeal from the Circuit Court of Kendall county; the Hon. MAZ-ZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed May 17, 1917.

### Statement of the Case.

Action by Samuel H. Tinsman, plaintiff, against the Independent Harvester Company, defendant, to recover on a promissory note given by defendant to plaintiff for the purchase of certain patent rights. From a judgment for plaintiff for. $1,315, defendant appeals.

ALDRICH & WORCESTER, C. S. BURTON, F. W. PARKER and F. G. HANCHETT, for appellant.

CORNELIUS REARDON, for appellee; C. C. BULKLEY, of counsel.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. PATENTS, § 19*—*when infringement of, defense to action on note for purchase price.* In an action on a note where the defense was failure of consideration because certain patented inventions of the plaintiff which constituted the consideration turned out to be infringements of patents of others, *held* that under the express terms of the contract the matter of infringment of prior patents could not be made a legal basis of defense unless such infringement had been adjudicated by the judgment of a court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. PATENTS, § 19*—*when evidence insufficient to establish defense in action for purchase price.* In an action on a note where the defense was failure of consideration because certain patented inventions of the plaintiff turned out to be infringements of the patents of others, *held* that even if such defense was legally effective, the defendant failed to establish the same by a preponderance of the evidence.

3. PATENTS, § 14*—*when purchaser holding patents may not complain of failure of consideration of note for purchase price.* In an action on a note where the defense was failure of consideration because certain patented inventions of the plaintiff which constituted the consideration turned out to be infringements of patents of other parties, contracts between the parties construed, and *held* that the defendant, who had acquired plaintiff's patent rights and had profited by the ownership thereof, and was still in their possession and control, could not rightfully defend against the consideration to be paid therefor on the ground that some one claimed an infringement, even if the evidence disclosed that such a claim had been made.

4. EVIDENCE, § 475*—*what does not constitute preponderance.* In an action on a note where the defense was failure of consideration because certain patented inventions of the plaintiff turned out to be infringements of patents of others, where one expert for the defendant testified that most of the plaintiff's devices were substantially covered by prior patents to others, and one expert produced by the plaintiff testified to the contrary, *held* that the defendant failed to establish its defense by a preponderance of the evidence.

5. APPEAL AND ERROR, § 451*—*when objection as to admissibility of secondary evidence may not be raised.* In an action on a note where a copy was introduced in evidence instead of the original, without objection on the ground of its being a copy, *held* that such objection could not be raised for the first time on appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.